Antonio "Tony" **ROBINSON**,
Appellant (Defendant),

v.

The **STATE** of Wyoming,
Appellee (Plaintiff).

No. 90–286.

Supreme Court of Wyoming.

April 23, 1992.

Leonard Munker, State Public Defender, David Gosar, Public Defender Appellate Counsel, Cheyenne, Wyoming Defender Aid Program: Gerald M. Gallivan, Director, Donald Gallegos, Student Intern, Laramie, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Jennifer L. Gimbel, Sr. Asst. Atty. Gen., Prosecution Assistance Program: Theodore E. Lauer, Director, Thomas L. Lynch, Student Intern, Cheyenne, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Antonio "Tony" Robinson appeals from his conviction on a charge of aiding and abetting auto burglary in violation of Wyo. Stat. § 6-3-301(a) and (b) (June 1988). The district court entered its judgment and sentence after accepting Robinson's plea of nolo contendere.

Robinson raises a single issue on appeal: Did the district court have jurisdiction to accept appellant's plea of nolo contendere after the county court denied appellant the assistance of counsel at his preliminary hearing?

As in the companion case of *Davila v. State*, 831 P.2d 204 (Wyo.1992), the dispositive issue is whether Robinson's plea of nolo contendere waived his nonjurisdictional defense claim that he was denied counsel at his preliminary hearing.

We affirm.

## FACTS

The facts and circumstances in this case are virtually identical to those in *Davila*. Both cases involved the February 5 or 6, 1990, theft of automobile tires from within a locked delivery van owned by a Casper, Wyoming, tire distributor.

Robinson was initially charged with two felonies, aiding and abetting another in the commission of auto burglary and conspiring to commit auto burglary. Following his arrest, Robinson made his initial appearance before the County Court of Natrona County on March 2, 1990. He was accompanied by counsel who stated that his appearance was only for purposes of bond. The court informed Robinson that he had a right to a preliminary hearing and a right to counsel of his own choice or appointed counsel if he could not retain counsel. Robinson told the court that he would retain his own attorney. On March 5, 1990, the court set his preliminary hearing for March 20, 1990.

On March 14, 1990, Robinson filed a pro se motion to continue the preliminary hearing. The motion stated two reasons in support of continuance: "That the Defendant is making arrangements to retain Walter A. Murray, Jr. as his attorney and needs 20 days in which to finalize the agreement. That Mr. Murray begins a Felony trial in Rawlins on March 19, 1990 and the number of the days for that trial is unknown." The county court denied the motion for continuance and Robinson appeared at the preliminary hearing on March 20, 1990, without counsel. At the conclusion of the hearing he was bound over to the district court for arraignment and trial. An information was filed on March 26, 1990, charging Robinson with aiding and abetting auto burglary and conspiracy to commit auto burglary.

Robinson was represented by counsel at his arraignment in district court on April 19, 1990. Asserting that he had been denied counsel at the preliminary hearing and that the district court thus lacked jurisdiction, Robinson refused to enter a plea to either charge and, instead, moved for dismissal. As a result of the motion, the district court entered a plea of not guilty to each count.

On May 15, 1990, the district court conducted a hearing on Robinson's motion to dismiss. The district court denied the motion after finding that the county court did not abuse its discretion in denying Robinson's request for a continuance of his preliminary hearing. On June 12, 1990, the district court ordered that the cases of codefendants Robinson and Davila be joined for trial. Subsequently, and in exchange for dismissal of the conspiracy charge, Robinson changed his plea on the aiding and abetting auto burglary count to nolo contendere on July 20, 1990. Following recitation of a factual basis, the district court accepted Robinson's plea of nolo contendere and referred the case to the state Probation and Parole Office for a presentence investigation report.

On October 12, 1990, Robinson was sentenced to a term of two to three years in the Wyoming State Penitentiary. The district court suspended execution of the prison sentence and placed Robinson on probation for three years. This appeal followed.

## DISCUSSION

Essentially, Robinson's argument on appeal is that, absent a valid waiver of the right to counsel, failure of the county court to provide counsel at the preliminary hearing prohibited the district court from exercising jurisdiction in this case. Because we resolved this issue in *Davila*, reference to our analysis in that opinion is pertinent.

In *Davila*, we held that "[a] plea of nolo contendere has the same effect in criminal cases as a guilty plea" and, that since a guilty plea waives all nonjurisdictional defenses, so too does a plea of nolo contendere. *Davila*, 831 P.2d at 205. Thus, unless we are to find that Robinson's right to counsel claim was jurisdictional, his plea effectively waived his defense. *Id.*

We also examined the distinction between jurisdictional defects (which would prevent the state from bringing the defendant to trial) and nonjurisdictional claims (which would not prevent a trial). *Davila*, 831 P.2d at 206. We concluded that:

> Davila's claim that he was improperly denied counsel at his preliminary hearing is nonjurisdictional. Denial of the right to representation does not implicate "the very power of the state to bring the defendant into court to answer the charge brought against him," *Blackledge [v. Perry]*, 417 U.S. [21] at 30, 94 S.Ct. [2098] at 2103, 40 L.Ed.2d [628] at 636 [ (1974) ], and would not have prevented a trial. The district court had jurisdiction to proceed to trial and, in fact, had it granted Davila's motion to dismiss, the state could have refiled and proceeded with a new preliminary hearing and trial. As a result, Davila's plea of nolo contendere waived his claim that he was denied counsel at his preliminary hearing.

*Davila*, 831 P.2d at 206.

Just as Davila's right to counsel claim was nonjurisdictional, so too is Robinson's. Had Robinson not voluntarily agreed to plead nolo contendere to the charge of aiding and abetting auto burglary, the district court would have had jurisdiction to proceed to trial. Following the plea, the district court established Robinson's factual guilt. Thus, by pleading nolo contendere, Robinson waived his claim that he was denied counsel at his preliminary hearing. As in *Davila* it is neither necessary nor appropriate for this court to consider whether, on these facts, the county court should have afforded Robinson representation at his preliminary hearing. *Davila*, 831 P.2d at 205.

The analysis and result in *Davila* is dispositive of Robinson's claim of error in this case. Robinson's conviction is affirmed.

URBIGKIT, C.J., filed a dissenting opinion.

URBIGKIT, Chief Justice, dissenting.

I dissent for the same reasons stated in *Davila v. State*, 831 P.2d 204 (Wyo.1992) since both of these cases present essentially identical constitutional issues of the deprivation of the right of the criminally accused to be provided assistance of counsel.