No. 13683

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

STATE OF MONTANA ex rel.
DALE BRACKMAN,

Relator,

-vs-

THE DISTRICT COURT OF THE FIRST
JUDICIAL DISTRICT OF THE STATE
OF MONTANA, IN AND FOR THE COUNTY OF
LEWIS AND CLARK, and the HON. GORDON R. BENNETT,
Presiding Judge,

Respondent.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Leaphart Law Firm, Helena, Montana
W. William Leaphart argued, Helena, Montana

---

Submitted: January 26, 1977

Decided: FEB 24 1977

Filed: FEB 2 4 1977

Thomas J. Kearney
Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

Relator seeks a writ of supervisory control upon the following facts:

On December 30, 1976, a criminal complaint was filed in the Justice of Peace court for Lewis and Clark County, charging relator with intimidation, a felony. A warrant for the arrest of relator was issued, relator was arrested the same day and released on his own recognizance. Relator appeared with counsel at an initial appearance before the justice of peace on January 3, 1977, and requested a preliminary examination which was scheduled for January 6, 1977.

The county attorney was not present at this initial appearance and on January 5, 1977, filed a motion for leave to file the information directly with the district court. The county attorney presented witnesses in support of this motion and did not rely upon an affidavit. This procedure of presenting testimony in support of a motion for leave to file is the common practice of the Lewis and Clark county attorney's office.

Counsel for relator appeared at this proceeding and moved the district court for permission to cross-examine the State's witnesses. This motion was denied and the State's motion for leave to file was granted.

The preliminary examination in justice of peace court was vacated and the complaint subsequently dismissed.

Initial appearance in district court was scheduled for January 10, 1977, arraignment was held on January 17, 1977, and trial was scheduled for January 31, 1977.

We assume jurisdiction of this application pursuant to Rule 17, M.R.App.Civ.P., however we perceive no need for an adversary hearing upon the matter. An adversary hearing will add

- 2 -

nothing further to the factual situation surrounding the single issue raised before this Court. The relief prayed for by relator is denied for the following reasons.

The determinative issue presented is whether the motion for leave to file an information is a "critical stage" which entitled relator to the right to effective assistance of counsel.

Relator relies upon Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L ed 2d 387, 397, (1970) and Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L ed 2d 411 (1971). Both of these cases hold that a defendant is entitled to assistance of counsel at a preliminary hearing.

Justice Brennan announced the judgment of the Court in Coleman, and stated on p. 397:

> "Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail."

The judgment in Coleman was rendered by a majority of the court, the majority failed to agree on the reasons for the opinion.

Alabama had at least two means of initiating a prosecution: (1) a grand jury indictment without a preliminary hearing, or (2) a preliminary hearing before a magistrate to determine whether an offense was committed and whether probable cause existed to

- 3 -

warrant presenting the case to the grand jury. Montana provides

three means: (1) a grand jury indictment; (2) a preliminary

examination; or (3) leave to file the information directly in

district court.

The grand jury procedure is not designed to be an adver-

sary judicial determination of probable cause. Sections 95-

1401 et seq., R.C.M. 1947. Furthermore, as Chief Justice Burger

notes in his dissent to Coleman, there is no constitutional right

to counsel at grand jury proceedings.

The second procedure, preliminary examination, is designed

to be an adversary judicial determination of probable cause, where

both the prosecution and the defense present witnesses and are

entitled to cross-examination. Section 95-1202(a), R.C.M. 1947.

Of course, Coleman dictates that an accused be afforded counsel

if this procedure is followed.

The third procedure, leave to file information in district

court, is stated in section 95-1301, R.C.M. 1947:

> "(a) The county attorney may apply directly to
> the district court for permission to file an
> information against a named defendant. The
> application must be by affidavit supported by
> such evidence as the judge may require. If it
> appears that there is probable cause to believe
> that an offense has been committed by the de-
> fendant the judge shall grant leave to file the
> information, otherwise the application shall
> be denied."

This procedure is constitutionally acceptable as a means of

initiating a prosecution in light of the United States Supreme

Court decisions in Lem Woon v. Oregon, 229 U.S. 586, 33 S.Ct.

783, 57 L.Ed 1340 (1913); Beck v. Washington, 369 U.S. 541,

82 S.Ct. 955, 8 L ed 2d 98 (1962); Gerstein v. Pugh, 420 U.S.

103, 95 S.Ct. 854, 43 L ed 2d 54 (1975). Gerstein, at p. 68,

citing Lem Woon and Beck, states:

> "In holding that the prosecutor's assessment of
> probable cause is not sufficient alone to justify
> restraint of liberty pending trial, we do not
> imply that the accused is entitled to judicial
> oversight or review of the decision to prosecute.
> Instead, we adhere to the Court's prior holding
> that a judicial hearing is not prerequisite to
> prosecution by information. (Citations omitted.)"

Furthermore, we have held that a defendant does not have

a vested right to a preliminary examination; and the State may proceed by filing an information directly in the district court before a scheduled preliminary examination is held.  State v. Dunn, 155 Mont. 319, 472 P.2d 288 (1970).

Relator raises the issue whether an accused is guaranteed the right to counsel when the State chooses to bypass a scheduled preliminary examination, and presents witness testimony at the proceeding on its motion for leave to file.

As relator contends, it is true that both the preliminary examination and the motion for leave to file are concerned with determining the existence of probable cause that a crime was committed by defendant.  However, the answer to the issue presented must be found, not merely by comparing the similarity of the determination to be made at each proceeding, but comparing how that determination is made.

United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L ed 2d 619, 628, 631, (1973), a case decided after Coleman, states:

> " * * * that the test utilized by the Court has
> called for examination of the event in order to
> determine whether the accused required aid in coping
> with legal problems or assistance in meeting his
> adversary. * * *"

Ash citing Coleman as well as other decisions, traces the history of establishing the right to counsel at different stages of a criminal proceeding.  The court then distinguishes these cases from the issue presented in Ash stating:

> "A substantial departure from the historical test
> would be necessary if the Sixth Amendment were
> interpreted to give Ash a right to counsel at the
> photographic identification in this case.  Since
> the accused himself is not present at the time of
> the photographic display, and asserts no right to
> be present  * * * no possibility
> arises that the accused might be misled by his lack
> of familiarity with the law or overpowered by his
> professional adversary.  Similarly, the counsel
> guarantee would not be used to produce equality in
> a trial-like adversary confrontation.  Rather, the
> guarantee was used by the Court of Appeals to produce
> confrontation at an event that previously was not

- 5 -

analogous to an adversary trial." (Emphasis supplied.)

This holding in Ash is applicable to the situation at hand. At a preliminary examination a defendant is entitled to be present and is granted the right to cross-examine witnesses, and to present witnesses of his own. On the other hand, the proceeding on a motion for leave to file does not contemplate such an adversary judicial determination of probable cause. The relator was not present, nor was he entitled to be present at the proceeding on the motion for leave to file. As in Ash, there was no possibility that relator might be misled by his lack of familiarity with the law or overpowered by his professional adversary. Therefore, the proceeding upon a motion for leave to file is not a "critical stage" and relator is not entitled to the assistance of counsel.

Mr. Justice White expressed apprehension in concurring with the holding in Coleman at p. 401, stating:

> "I agree with Mr. Justice Harlan that recent cases furnish ample ground for holding the preliminary hearing a critical event in the progress of a criminal case. I therefore join the prevailing opinion, but with some hesitation since requiring the appointment of counsel may result in fewer preliminary hearings in jurisdictions where the prosecutor is free to avoid them by taking a case directly to a grand jury. Our ruling may also invite eliminating the preliminary hearing system entirely."

We foresee a similar problem. The county attorney was not obligated to present witness testimony at this proceeding since he could have relied upon affidavits. Section 95-1301, R.C.M. 1947. To hold that relator was entitled to assistance of counsel at this proceeding and to cross-examine the State's witnesses would tend to discourage the practice of presenting witness testimomy at such a proceeding, whereas the policy should be to encourage it.

This decision is not intended to bar a pretrial motion under section 95-1702, R.C.M. 1947, attacking the existence of probable cause once the information is filed, and seeking a hearing

upon the same.

_____
                              Chief Justice

We concur:

_____

_____

_____

_____
Justices