

DA 11-0717

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 268N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

CHARLES ROCKWOOD HORTON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                     In and For the County of Lewis and Clark, Cause No. DDC 2010-365
                     Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General; Katie F. Schulz, Assistant
            Attorney General, Helena, Montana

            Leo Gallagher, Lewis and Clark County Attorney; Michael Menahan, Deputy
            County Attorney, Helena, Montana

                            Submitted on Briefs:   October 17, 2012

                                     Decided:   November 21, 2012

Filed:

_____
                             Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Appellant Charles Rockwood Horton (Horton) appeals following his conviction of a fourth offense DUI on the basis that his trial counsel provided ineffective assistance of counsel. We affirm.

¶3      Helena City Police Officer Jeff Wilson responded to a report of domestic abuse at a vehicle stuck in a snow bank. The responding officer saw a male, later identified as Horton, standing outside of the vehicle. Officer Wilson detected an odor of alcohol coming from Horton's breath and noted that Horton had difficulty standing. Officer Wilson also noted Horton's slurred speech and his bloodshot and glassy eyes. Horton denied several times to Officer Wilson that he had been driving. When Officer Wilson asked Horton, however, whether the vehicle had started "smoking when you were driving it," Horton explained that as he was turning at an intersection, the car started smoking so he pulled it into the snow bank. Officer Wilson located the keys in Horton's pocket. Officer Wilson also requested that the Helena Fire Department provide emergency medical treatment for injuries to Horton's face.

¶4      The State charged Horton with driving under the influence of alcohol or drugs, fourth offense. The case proceeded to trial. A witness, Amy Furu, testified about what she had observed and her efforts to help Horton and his companion get their vehicle out of the snow

2

bank. Horton's counsel attempted to impeach Furu during cross-examination through alleged inconsistent statements from an earlier interview with Furu and Horton's counsel.

¶5    The State objected on the grounds that Horton's counsel was putting himself in a position of having to be a witness. The State argued that Horton's counsel could have placed a second witness in the interview with Furu and that person could have testified to any alleged inconsistencies.

¶6    The court sustained the objection and Horton's counsel moved to other matters. Horton testified and admitted to having been the driver of the car and admitted to having had several drinks during the course of the evening. The jury convicted Horton and he appeals.

¶7    Horton argues on appeal that his counsel provided ineffective assistance of counsel by failing to find a means to cross-examine Furu regarding her alleged inconsistent statements. Horton points out that counsel could have followed the State's advice and had a second witness in the room with him while interviewing Furu. Horton also suggests that counsel could have recorded the interview with Furu.

¶8    The State counters that regardless of any alleged ineffective assistance of counsel, Horton did not satisfy the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). The State points out that Horton himself testified that he had been the driver and that he had consumed alcohol the night in question. Furu's testimony, according to the State, covered mostly the fact that Horton had been driving while Furu assisted the couple in getting the car out of the snow bank. Horton countered that he would not have testified, but for the fact that Furu had placed him at the scene as the driver and therefore he needed to rebut her testimony.

3

¶9     Claims of ineffective assistance of counsel present mixed questions of law and fact that we review de novo. *State v. Edwards*, 2011 MT 210, ¶ 13, 361 Mont. 478, 260 P.3d 396. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is clear from the record and briefs before us that Horton cannot establish prejudice as required by *Strickland*. Horton cannot establish by a reasonable probability that the results of the proceedings would have been different but for trial counsel's alleged deficient performance. *Rigg v. State*, 2011 MT 239, ¶ 12, 362 Mont. 140, 264 P.3d 693.

¶10    Horton admitted to Officer Wilson that he had been driving. He admitted to the fire department personnel that he had been driving. Horton further testified at trial that he had driven the car. The location of the blood in the car further confirmed the fact that Horton was in the driver's seat when injured. Horton himself claims that these injuries resulted from hitting his head on the steering wheel when the vehicle struck the snow bank. Horton would have been in control of the vehicle at that time. This evidence confirms that Horton cannot establish by a reasonable probability that the outcome of the trial would have been different but for his counsel's alleged deficient performance.

¶11    Affirmed.

/S/ BRIAN MORRIS


We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER

4

/S/ MICHAEL E WHEAT
/S/ JIM RICE