DA 11-0724

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 279N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

LYNDI LAMB WILLS,

       Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Broadwater, Cause No. DC 10-16
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Herman A. Watson, III; Attorney at Law, Bozeman, Montana

       For Appellee:

       Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

       Karla Bosse, Broadwater County Attorney, Townsend, Montana

Submitted on Briefs:  October 30, 2012

Decided:  December 4, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Lyndi Lamb Wills (Wills) appeals her conviction of felony assault with a weapon in the First Judicial District Court, Broadwater County.  We affirm.

¶3      Wills argues, for the first time on appeal, that she was improperly charged because the State did not file an affidavit of probable cause as required by § 46-11-201, MCA, before it was granted leave to file the charging information against her.  Wills failed to object to the lack of an affidavit at the District Court and thus did not preserve her argument for appeal.  Accordingly, Wills asks us to review her case for plain error.

¶4      As a general rule, this Court will not consider issues that were not properly preserved for appeal.  *State v. Norman*, 2010 MT 253, ¶ 16, 358 Mont. 252, 244 P.3d 737.  We have the inherent power to review cases that implicate fundamental constitutional rights for plain error.  We will only exercise plain error review, however, if failing to do so may result in a manifest miscarriage of justice, compromise the integrity of the judicial process, or call the fundamental fairness of the proceedings into question. *State v. Main*, 2011 MT 123, ¶ 53, 360 Mont. 470, 255 P.3d 1240 (citations omitted). This is not one of those cases.

2

¶5 In Montana, a prosecutor can commence proceedings against a named defendant by filing a charging information. Section 46-11-201, MCA. Before filing the information, the prosecutor must first obtain leave from the district court. Section 46-11-201, MCA. The application submitted to the district court "must be by affidavit supported by evidence that the judge . . . may require." Section 46-11-201(2), MCA. The district court will only grant leave to file the information if it finds probable cause that the offense has been committed in sworn testimony supporting the application. Section 46-11-201(2), MCA.

¶6 Here, the prosecutor applied to file an information against Wills but did not file an affidavit to establish probable cause. Rather, the District Court held a proceeding on the application during which Captain Wynn Meehan of the Broadwater County Sheriff's Department testified under oath. The court found that there was probable cause to charge Wills based on Captain Meehan's testimony and granted leave to file the information.

¶7 Wills argues that it was plain error for the District Court to grant leave to file the information against her because the sworn testimony supporting probable cause was not reduced to a written affidavit. Wills contends that a written affidavit is required for leave to file an information so that the defense can be informed of and challenge the alleged facts establishing probable cause. We have previously held, however, that although an application to file an information may be supported by affidavits alone, the practice of presenting witness testimony at a court proceeding is not only allowed, but that it should be encouraged. *State ex rel. Brackman v. Dist. Ct.*, 172 Mont. 24, 30, 560 P.2d 523, 527 (1977).

¶8 Montana law requires sworn testimony to support an application to file an information so that individuals are not charged without probable cause. The manner in which the district court receives that sworn testimony is less important than the facts that are sworn to. Wills does not argue that probable cause was lacking, only that the sworn testimony establishing probable cause was not reduced to a written affidavit. Wills' argument puts form above substance.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The District Court's procedure was based upon settled Montana law and thus is insufficient to warrant plain error review.

¶10 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS