FILED

11/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0046

DA 17-0046

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 294N

CHARLES ROCKWOOD HORTON,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis And Clark, Cause No. DDV-2016-1043
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Charles Rockwood Horton, Self-Represented, Shelby, Montana

       For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

                 Submitted on Briefs:  October 18, 2017

                            Decided:  November 28, 2017

Filed:

                             Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Charles Horton appeals from the District Court's order filed December 19, 2016, denying his petition for postconviction relief. We affirm.

¶3 Horton's petition relates to his June 2011 conviction of felony driving under the influence. In October 2011 the District Court sentenced Horton to a five-year suspended sentence and to thirteen months in the WATCh program. Since that time Horton has brought numerous unsuccessful proceedings to this Court attacking some aspect of his sentence or subsequent revocations of the suspended sentence. *State v. Horton*, No. DA 11-0717, 2012 MT 268N, 2012 Mont LEXIS 343 (direct appeal of the conviction); *Horton v. Kirkegard*, No. OP 15-0653, 382 Mont. 409, 363 P.3d 1146 (table) (Nov. 17, 2015) (habeas corpus petition attacking the calculation of his parole and discharge dates); *Horton v. First Judicial Dist. Ct.*, No. OP 16-0213, 384 Mont. 551, 384 P.3d 40 (table) (April 19, 2016) (petition for mandamus to compel the district court to reconsider prior order that Horton pay costs of appointed counsel); *Horton v. State*, No. OP 16-0228, 384 Mont. 551, 384 P.3d 40 (table) (April 26, 2016) (habeas corpus petition challenging sentence imposed after revocation of suspended sentence).

¶4    In November 2014 the State petitioned to revoke Horton's prior suspended sentence. The District Court, after hearing, granted the petition to revoke, re-sentencing Horton to five years at Montana State Prison.

¶5    The present proceeding is a petition for postconviction relief under § 46-21-101, MCA, in which Horton contends that the sentence imposed upon him after revocation of the suspended sentence is improper. The District Court determined that the petition was barred because it was not timely under § 46-21-102(1), MCA. The District Court ruled that Horton's claim is precluded because this Court affirmed the sentence upon revocation in the two 2016 proceedings cited above. The District Court ruled that Horton's claim is barred by law. We agree that the District Court's rulings are correct.

¶6    Horton also argues that he could only be charged with DUI after a preliminary hearing to determine probable cause, and therefore the State's filing of an information supported by an affidavit was a defective charging procedure. Article II, Section 20 of the Montana Constitution provides that all criminal actions in district court "shall be prosecuted either by information, after examination and commitment by a magistrate or after leave granted by the court." The process of charging by affidavit and leave granted by the court is specifically provided for in § 46-11-201, MCA, based upon the directive of the Constitution. A criminal defendant has no vested right to be charged after a preliminary hearing, as Horton contends. *Brackman v. Dist. Ct.*, 172 Mont. 24, 28, 560 P.2d 523, 526 (1977).

¶7    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

3

of the Court, this case presents questions controlled by settled law that the District Court properly applied.

¶8    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR

4