FILED

12/12/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0675

DA 16-0675

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 307N

CHARLES ROCKWOOD HORTON,

        Petitioner and Appellant.

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDV 2015-967
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Charles Rockwood Horton, Self-Represented, Shelby, Montana

        For Appellee:

        Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

        Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  November 1, 2017

Decided:  December 12, 2017

Filed:

                  Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Horton appeals from the District Court's order of October 19, 2016, denying his motion for remission of the requirement that he pay the costs of the public defender that represented him.  We affirm.

¶3     Horton's petition relates to his June 2011 conviction of felony driving under the influence.  In October 2011 the District Court sentenced Horton to thirteen months in the WATCh program followed by a five-year suspended sentence.  Since that time Horton has brought numerous unsuccessful proceedings to this Court attacking some aspect of his sentence or of subsequent revocations of the suspended sentence.  *State v. Horton*, No. DA 11-0717, 2012 MT 268N, 2012 Mont. LEXIS 343 (direct appeal of the conviction); *Horton v. Kirkegard*, No. OP 15-0653, 382 Mont. 409, 363 P.3d 1146 (table) (Nov. 17, 2015) (habeas corpus petition attacking the calculation of his parole and discharge dates); *Horton v. First Judicial Dist. Court*, No. OP 16-0213, 384 Mont. 551, 384 P.3d 40 (table) (Apr. 19, 2016) (petition for mandamus to compel the district court to reconsider a prior order that Horton pay costs of appointed counsel); *Horton v. State*,

No. OP 16-0228, 384 Mont. 551, 384 P.3d 40 (table) (Apr. 26, 2016) (habeas corpus petition challenging sentence imposed after revocation of suspended sentence).

¶4     When the District Court sentenced Horton in 2011, a condition of the sentence was that he repay the costs of representation by the public defender. In 2014 the District Court revoked Horton's probation, sentenced him to five years at the Montana State Prison, and imposed all conditions of the original sentence in 2011, including the obligation to pay attorney fees. In May 2016 Horton petitioned the District Court to refund any money he had paid toward that fee obligation and to remove the obligation for any future payment. The District Court ordered a response from the State and denied Horton's petition in an order filed October 19, 2016. Horton appeals, arguing the District Court abused its discretion when it denied his motion for remission of costs. Horton also argues that he has a statutory right to have his repayment suspended while he is incarcerated, pursuant to § 46-8-113(6), MCA, which was not in effect when Horton was sentenced.

¶5     A district court's grant or denial of a post-trial motion constitutes a discretionary ruling, which this Court reviews for abuse of discretion. *State v. Griffin*, 2007 MT 289, ¶ 10, 339 Mont. 465, 172 P.3d 1123.

¶6     A defendant may file a petition for remission of the payment of costs or unpaid costs associated with the defendant's representation. Section 46-8-113(5), MCA. The sentencing court may reduce all or part of the amount due if it "will impose manifest hardship on the defendant or the defendant's immediate family." Section 46-8-113(5), MCA. Horton alleges the District Court abused its discretion when it denied his petition

3

for remission. He argues that due to his incarceration, he is without resources to pay his appointed counsel and the District Court failed to make inquiry of his ability to pay these costs. However, the record shows that the District Court heard evidence during Horton's sentencing hearing regarding his ability to pay. The District Court concluded that Horton had the ability to pay costs because he had assets and the option of working at the Montana State Prison. Horton asserts on appeal that he is no longer at the Montana State Prison, but at the Crossroads Correctional Center, which does not have many job opportunities. He also asserts that he had to sell his house and give his car to a nephew. These facts were not asserted in the District Court. The District Court did not abuse its discretion when it denied Horton's motion for remission.

¶7 We generally do not address issues raised for the first time on appeal. *State v. Longfellow*, 2008 MT 343, ¶ 19, 346 Mont. 286, 194 P.3d 694. Horton raises the suspended repayment issue for the first time on appeal before this Court. We will not consider Horton's claim regarding suspended repayment because it was not raised in the District Court.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ MIKE McGRATH

4

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR